Bala v. Garland

BIA
McCarthy IJ
A216 494 990

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges.*

_____

KIRAN BALA,
> *Petitioner,*

v.                                                          22-6281
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Dalbir Singh, Dalbir Singh & Associates, New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Brianne Whalen Cohen, Senior Litigation Counsel; Mona Maria Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kiran Bala, a native and citizen of India, seeks review of a May 23, 2022 decision of the BIA affirming a May 6, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kiran Bala*, No. A 216 494 990 (B.I.A. May 23, 2022), *aff'g* No. A 216 494 990 (Immig. Ct. N.Y.C. May 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decisions of both the IJ and the BIA. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). We review factual findings, including adverse credibility determinations, "under the substantial

evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Bala alleged that she was attacked four times by members of the Shiromani Akali Dal Badal Party ("Badal Party") and the Bharatiya Janata Party ("BJP") because of her support of the Shiromani Akali Dal Mann Amritsar Party. Substantial evidence supports the agency's adverse credibility determination given inconsistencies between Bala's asylum interview and testimony, her demeanor during her hearing, and her lack of corroboration.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence . . . , and any inaccuracies or falsehoods in such statements, without regard to whether

3

an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76.

The IJ reasonably relied on inconsistencies. First, Bala's statements at her asylum interview and hearing about when she was in India after a 2006 move to Singapore were inconsistent with her visa application. At her interview and hearing, she stated that she lived in Singapore for about 10 years beginning in 2006, returned to India around the time of her marriage in 2016, and made visits to India during that 10-year period. When confronted with her visa application reflecting that her employment in Singapore ended in December 2014, she admitted that she was living in India between that time and her 2016 marriage.

Second, Bala was inconsistent about how she discovered that her father had been killed and why she believed that he was killed by members of the Badal Party and BJP. At her asylum interview, she said that one night in 2002, someone told her that "somebody was lying killed on the road," and that, the following

4

morning, she found her father dead. Certified Administrative Record at 203. Bala explained that her father had been killed "[o]n the road," and his killers "threw him in the field." *Id*. She also said that she knew that members of the Badal Party and BJP had killed her father because they had threatened her family in the past. But in her testimony at the hearing and the written statement that she submitted, she did not say that she found her father's body on the road or in the field. Instead, she testified at the hearing only that "some people" told her that her father had been killed. *Id*. at 110. She then testified inconsistently about how those people knew that he had been killed by members of the Badal Party and BJP. First, she testified that those people did "not witness" the murder, but knew that party members had killed her father because the people who told her about the murder were "local people" who knew about her father's political affiliations. *Id*. at 140. But later, she testified inconsistently that the "[p]eople who informed [her]" about the murder "witnessed" the murder firsthand. *Id*. Bala tried to explain her failure to mention at the hearing that she found her father's body by stating that she was nervous. But the agency was not compelled to accept that explanation, and it fails to resolve her inconsistent testimony about how she knew that her father was killed by members of the Badal Party and BJP. *See Majidi v.*

5

*Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er]inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (quotation marks omitted)).

Third, she was inconsistent about what happened to her passport. At her asylum interview, she said that she lost her passport when she left her purse on a train, and she reported the loss to the police and had the report. But she testified at the hearing that her employer took her passport. The agency was not compelled to accept her explanation that she was scared and confused, as she did not explain which version of her story was accurate or why she was scared. *See id.*

Fourth, she was inconsistent about when she was married in India, stating during her interview it was in June or July of 2016, then testifying first that she married on May 29, 2016, and then that she did not remember her wedding date. Contrary to her argument here that this inconsistency is trivial, the IJ agency did not err in considering it under the totality of the circumstances, particularly as her testimony to a precise date is incompatible with her statement that she did not remember. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on

6

discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quotation marks omitted)).

The adverse credibility determination is bolstered by the IJ's demeanor and corroboration findings. We give "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted). Moreover, the record reflects that Bala was not responsive to some questions and often answered that she did not remember.

Finally, Bala's lack of corroboration further supports the agency's determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Bala did not corroborate her marriage; she did not produce the police report documenting the loss of her passport, despite stating that she had one; her father's

7

death certificate does not confirm that he was murdered; and, as set forth above, her visa application undercut her claim that she did not return to live in India until 2016. Because the IJ already found her testimony not credible, the agency was not required to identify additional evidence or consider whether it was reasonably available. *Cf.* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise *credible* testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." (emphasis added)).

In sum, the inconsistencies, the IJ's demeanor finding, and the lack of corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection

8

under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court